No. 49229.—Protest 44266–K of Henry Seligman (New York).

EKWALL, Judge: In this case the importer seeks a refund of duty paid on an importation of unfinished needle-point tapestries from Belgium. It was originally decided in C. D. 617 and is before us on rehearing. The goods arrived packed in two cases, one of which was sent to the appraiser's stores for examination. The remaining case was delivered to the importer's place of business. The contents of the two cases appeared in separate enumerations on the consular invoice. Upon examination of case No. JB 126 at the appraiser's stores the customs officials found that the quantity contained therein was in excess of the invoiced quantity, and duty was assessed on the excess so found under authority of that portion of section 499 of the Tariff Act of 1930, which reads as follows:

* * *. If any package is found by the appraiser to contain any article not

specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon paid accordingly. * * *.

The report on the summary sheet states "No fraud apparent."

It is contended on the part of the plaintiff, in effect, that no duty should have been assessed on the quantity found in excess in the examined case because there was no discrepancy between the amount invoiced and that received, in that the entire quantity received corresponded with the quantity enumerated on the commercial invoice (exhibit 1).

In the original decision, C. D. 617, *supra*, we held that the excess duty was improperly assessed. No additional evidence was introduced upon rehearing, but briefs were filed by both sides. The Government contends that while in form the action is not one claiming allowance for shortage, in substance it seeks the relief provided for under article 813 of the Customs Regulations of 1937 for deficiencies in the contents of packages.

As stated in our original decision (C. D. 617, *supra*) the importer testified that he examined the two cases together at his place of business and checked the total quantity received with his commercial invoice (exhibit 1) and that the total quantity corresponded with that on said commercial invoice. However, the commercial invoice did not show the contents of each case separately and it is apparent that the importer did not check the cases separately. A comparison of the consular invoice and the commercial invoice (exhibit 1) shows that the total number of pieces listed of the style numbers which the examiner found in excess, viz, #5359, #5532S, and #5532A, corresponds. The total number of these items listed on both invoices is 27 pieces #5359, 5 pieces #5532S, and 3 pieces #5532A. As to #5532S the examiner found 8 pieces and as to item #5532A he found 5 pieces, in the one case examined. It therefore appears that the total quantity received could not have checked with the commercial invoice. (It is noted that in our original decision in this case the style numbers of #5532S and #5532A were inadvertently transposed to read #5352S and #5352A.)

In view of the conflict in the testimony we find that the presumption of correctness attaching to the collector's finding has not been overcome, and plaintiff's claims should have been and hereby are overruled.

Judgment will be rendered accordingly.